```
            UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF VIRGINIA
               Alexandria Division
```

TRUSTEES OF THE PLUMBERS        )
AND PIPEFITTERS NATIONAL        )
PENSION FUND, <u>et al.</u>,          )
     Plaintiffs,                )
                                )
        v.                    )  Civil Action No. 1:14cv253
                                )
P AND E SERVICES, LLC d/b/a     )
P & E COMMERCIAL SERVICES,      )
     Defendant.                 )

<u>REPORT AND RECOMMENDATION</u>

This matter comes before the Court on Motion for Default Judgment (Dkt. 10) by plaintiffs, the Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund ("plaintiffs"), against defendant P and E Services, LLC d/b/a P & E Commercial Services ("defendant").  When no representative for defendant appeared at the hearing on this motion, the undersigned Magistrate Judge took the matter under advisement.

I.   <u>INTRODUCTION</u>

**A.   Background**

Plaintiffs are the trustees of multi-employer employee benefit plans as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37).  (Compl. ¶¶ 1-2.) Defendant is a corporation that transacts business as a

1

contractor or subcontractor in the plumbing industry. (Compl. ¶ 3.)

Plaintiffs filed this action under Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), which governs suits among parties to enforce provisions of their collective bargaining agreements. (Compl. ¶ 4; Mem. Supp. Mot. Default J. 1.) Plaintiffs seek damages pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Agreement establishing the International Training Fund ("the Trust Agreements"), which have established the Funds and which bind defendant, and pursuant to defendant's collective bargaining agreement with United Association Local Union No. 441, which incorporates defendant's obligations under the Trust Agreements.[1] (Mot. Default J. ¶ 1; Sweeney Declarations ¶¶ 1-3 ("Mem. Supp. Mot. Default J. Ex. A, Ex. B").)

## B.   Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145 and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is

---

[1] The Trust Agreements and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

administered, where the alleged breach took place, or where a
defendant resides or may be found.  In this case, jurisdiction
and venue are proper because each Fund is administered in this
District.  (Compl. ¶¶ 1-2.)

### C.   Service of Process

On April 30, 2014, plaintiffs' private process server
served Peter Ratcliffe, registered agent of defendant, with a
copy of the Complaint and Summons.  (Dkt. 5; Mem. Supp. Mot.
Default J. 1-2.)  Therefore, service was proper under 29 U.S.C.
§ 1132(e)(2), which provides that process may be served in any
district where a defendant resides or may be found.

### D.   Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed
any responsive pleadings in this case.  On July 1, 2014, the
Clerk of this Court entered default pursuant to plaintiffs'
Request for Entry of Default and Federal Rule of Civil Procedure
55.  (Dkt. 9.)  Plaintiffs filed a Motion for Default Judgment
on July 1, 2014.  (Dkt. 10.)

## II.  FINDINGS

Based on the Complaint, the Motion for Default Judgment,
the Declarations of William T. Sweeney, Jr., the Declaration of
John R. Harney, and the documents submitted in proof of damages,
the undersigned Magistrate Judge makes the following findings.

Defendant is a Kansas corporation with an office in

Wichita, Kansas.  (Compl. ¶ 3.)  Defendant operates as a contractor or subcontractor in the plumbing industry and is "an employer in an industry affecting commerce" as defined by the LMRA and ERISA.  (Id.)  Defendant is a signatory to the collective bargaining agreement with United Association Local Union No. 441, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant.  (Id. at ¶ 5.)

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Funds certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions.  (Id. at ¶¶ 5-8, 12, 13-14, 17-18, 24-25, 28-29; Mem. Supp. Mot. Default J. Ex. A ¶¶ 3, 10.)  Pursuant to the Agreements, plaintiffs now seek to collect unpaid contributions, liquidated damages, interest, and attorneys' fees and costs.  (Mem. Supp. Mot. Default J. 3.)

### A.   Amounts Due to Plaintiff National Pension Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to plaintiffs for the months of October 2013 through January 2014.  (Compl. ¶ 10.) Because defendant failed to make contributions for the months of October 2013 through January 2014 in Local 441, the contributions owed to the National Pension Fund are derived from

4

Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2009.  (Mem. Supp. Mot. Default J. Ex. A ¶ 10.)  As derived from the Trust Agreement and Delinquency Procedures adopted by the National Pension Fund, the total amount of defendant's contributions owed to plaintiff National Pension Fund for the months of October 2013 through January 2014 is in the amount of $29,299.05.  (<u>Id.</u> at ¶ 6.)

Under the Agreements, defendant must also pay liquidated damages to the National Pension Fund on any unpaid or delinquent contributions.[2]  In this case, the amount of these liquidated damages is $2,929.91.  (<u>Id.</u> at ¶¶ 10-11.)

Additionally, defendant is obligated under the Agreements to pay interest to the National Pension Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or July 11, 2014.  (<u>Id.</u> at ¶ 10.)  The total amount of this interest, calculated through the date of payment or July 11, 2014, is $1,888.53**.  (<u>Id.</u>)

**B.   Amounts Due to Plaintiff International Training Fund**

At the time plaintiffs filed the Complaint, defendant had

---

[2] Pursuant to Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2009, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed.  (Mem. Supp. Mot. Default J. Ex. A ¶ 10.)

failed to pay its required contributions to the International Training Fund for the months of October 2013 through January 2014. (Compl. ¶¶ 18-19.) Because defendant failed to make contributions for October 2013 through January 2014, the contributions owed to the International Training Fund are derived from Section 6 of the Restated Trust Agreement establishing the International Training Fund. (Mem. Supp. Mot. Default J. Ex. B ¶ 10.) As derived from the Restated Trust Agreement, the total amount of defendant's contributions owed to plaintiff International Training Fund for the months of October 2013 through January 2014 is in the amount of $887.85. (Id. at ¶ 12.)

Under the Agreements, defendant must also pay liquidated damages to the International Training Fund on any unpaid or delinquent contributions.[3] In this case, the amount of these liquidated damages is $177.57. (Id. at ¶¶ 10-12.)

Additionally, defendant is obligated under the Agreements to pay interest to the International Training Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or July 11, 2014. (Id.) The total amount of this interest, calculated

---

[3] Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, liquidated damages are assessed at the rate of twenty percent (20%) of the amount due. (Mem. Supp. Mot. Default J. Ex. B ¶ 10.)

through the date of payment or July 11, 2014, is $57.23.  (Id.)

## C. Attorneys' Fees and Costs

In addition, plaintiffs seeks $1,712.50 in attorneys' fees and $611.29 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g).  (Mem. Supp. Mot. Default J. 2-3; Harney Decl. ¶¶ 5-7.)  The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

## III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a total of $34,117.49. Specifically, the undersigned recommends that plaintiff National Pension Fund should recover from defendant $29,299.05, the sum of unpaid contributions for the months of October 2013 through January 2014, $2,929.91 in liquidated damages, and $1,888.53 in interest accrued at a rate of 12% per annum from the date due through July 11, 2014, and continuing to accrue through the date of payment.

The undersigned Magistrate Judge recommends that plaintiff Trustees of the International Training Fund should recover from defendant a total of $1,122.65.  Specifically, the undersigned recommends that plaintiff International Training Fund should recover from defendant $887.85, the sum of unpaid contributions

7

from the months of October 2013 through January 2014, $177.57 in liquidated damages, and $57.23 in interest accrued at a rate of 12% per annum from the date due through July 11, 2014, and continuing to accrue through the date of payment.

In addition, the undersigned recommends that plaintiffs recover $1,712.50 in attorneys' fees and $611.29 in costs.

IV. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following addresses:

        P and E Services, LLC
        d/b/a P & E Commercial Services
        3741 N. Topeka Street
        Wichita, KS  67219-3645

        Peter Ratcliffe, Registered Agent
        P and E Services, LLC
        3741 N. Topeka Street
        Wichita, KS  67219-3645


                                    /s/
                        _____
                        THERESA CARROLL BUCHANAN
                        UNITED STATES MAGISTRATE JUDGE

July 15, 2014
Alexandria, Virginia